UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DOMINGUS NOBREGA,                    )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )        No. 2:26-cv-00236-JAW
                                     )
TIM KORTES, et al.,                  )
                                     )
        Defendants.                  )

**ORDER ON MOTION TO REMAND**

On November 6, 2025, Domingus[1] Nobrega filed a complaint in Cumberland County Superior Court.  *Aff. of John J. Wall, III*, Attach. 1, *Docket R.* (ECF No. 8); *id.*, Attach. 2, *Compl.*  He alleges the Defendants violated several of his rights under the United States Constitution and the Maine Constitution.  *Compl.* 2-3.  On April 9 and 10, 2026, Mr. Nobrega served each Defendant with a summons and the complaint.  *Notice of Removal* ¶ 2 (ECF No. 1).  On April 30, 2026, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, the Defendants removed the action to this Court.  *Id.* at 1.  On May 13, 2026, Mr. Nobrega filed a motion to remand, arguing that his complaint alleges no federal law claims and therefore this Court lacks jurisdiction and must remand the matter to state court.  *Mot. to Obj. to Defs. Notice of Removal & Remand to State Ct. for Trial* (ECF No. 7) (*Pl.'s Mot.*).  On June 3, 2026,

---

[1]    The Plaintiff spells his name in different ways.  Having issued countless orders in other cases he has filed under the first name Domingos, in 2025, Mr. Nobrega began to use a different spelling of his first name, namely Domingus, which is the spelling he now prefers.  *See Nóbrega v. United States District Ct.*, No. 1:10-cr-186-JAW, *Order Dismissing Cl. for Damages* at 1, n.1 (ECF No. 546).  In addition, having issued countless orders in other cases in which Mr. Nobrega used an acute accent over the "o" in his last name, in this filing Mr. Nobrega did not use the acute accent.  As before, the Court is willing to accept any spelling Mr. Nobrega prefers, and in this order, the Court has used Domingus Nobrega as the correct spelling of his name in this case.

the Defendants filed a response, opposing Mr. Nobrega's motion. *Defs.' Opp'n to Pl.'s Mot. to Obj. to Defs. Notice of Removal & Remand to State Ct. for Trial (ECF No. 7)* (ECF No. 11) (*Defs.' Opp'n*). On June 16, 2026, Mr. Nobrega filed his reply. *Mot. to Obj. to Defs. Opp'n to Claimant's Mot. to Obj. to Defs. Notice of Removal* (ECF No. 13) (*Pl.'s Reply*).

"It is the general rule that an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit." *Jefferson Cnty. v Acker*, 527 U.S. 423, 430 (1999) (citing 28 U.S.C. § 1441(a)). This Court has "original jurisdiction [in] all civil actions arising under the Constitution, laws, or treaties of the United States," often referred to as federal question jurisdiction. 28 U.S.C. § 1331. "The burden of establishing federal jurisdiction is upon the party who removed the case to federal court." *Me. Mun. Ass'n v. Mayhew*, 64 F. Supp. 3d 251, 263 (D. Me. 2014).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Ortiz-Bonilla v. Federacion de Ajedrez de P.R., Inc.*, 734 F.3d 28, 34 (1st Cir. 2013) ("The jurisdictional question is determined from what appears on the plaintiff's claim, without reference to any other pleadings"). Accordingly, "a court is to ask whether the plaintiff's claim to relief rests upon a federal right, and the court is to look only to plaintiff's complaint to find the answer.'" *Rossello-Gonzalez v. Calderon-Serra*, 398

F.3d 1, 10 (1st Cir. 2004) (quoting *Hernandez-Agosto v. Romero-Barcelo*, 748 F.2d 1, 2 (1st Cir. 1984)).

According to Mr. Nobrega, the Court must remand the action to state court because his complaint does not present any federal claims and because the alleged offenses occurred in Maine, "not [on] federal land or [federal] waters." *Pl.'s Mot.* at 1, 2-5.  Rather, Mr. Nobrega insists that his complaint only asserts Maine Constitution and Maine civil rights claims.  *Id.*  Therefore, he maintains, absent a federal law claim, this Court lacks original jurisdiction and must remand the case to state court. *Id.* at 2-5.  In response, the Defendants argue removal was proper and the Court has jurisdiction because Mr. Nobrega's complaint clearly states multiple claims arising under federal law, including several rights guaranteed by the United State Constitution.  *Defs.' Opp'n* ¶¶ 2-9.

The Court agrees with the Defendants.  Mr. Nobrega's complaint plainly alleges several federal law claims.  Specifically, his complaint alleges the "the Defendants infringed" his "United States Constitutional rights," including "U.S. Const., Art 1 § 10 – Laws Impairing Obligation of Contracts," "U.S. Const., Art 6 – Judiciary Oath & or Affirmation to Office, State & or Federal," "U.S. Const., Amend. 5 & or 14 – due process of the Law, holds access to the Courts Rights," and "U.S. Const., Amend. 14 – nor deny to any person within jurisdiction the equal protection of law." *Compl.* at 2-3.  The complaint also cites federal caselaw interpreting some of the very federal law claims alleged.[2]  *Id.* at 4-6.

---

[2]    The complaint also alleges violations of copyright and trademark law without providing the statutory basis for those claims.  *Id.* at 4.  The Court notes that copyright and trademark are creatures

3

The Court therefore readily concludes it has federal question jurisdiction over Mr. Nobrega's claims and that the Defendants removal from state court was proper.[3] *See Industria Lechera de P.R., Inc. v. Beiró*, 989 F.3d 116, 120 (1st Cir. 2021) (describing removal jurisdiction under 28 U.S.C. § 1441); *Nobrega v. York Cnty. Sheriff*, No. 2:20-cv-00373-JDL, 2020 U.S. Dist. LEXIS 222306, at *2-4 (D. Me. Nov. 30, 2020) (concluding the court had federal question jurisdiction over the Plaintiff's claim and that removal was proper because the claim's basis referred to the standards established by the United States Supreme Court for certain violations of the United States Constitution).

The Court therefore DENIES Domingus Nobrega's Motion to Object to Defendants Notice of Removal & Remand to State Court for Trial (ECF No. 7).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2026

---

of federal statutory law.  It is therefore likely Mr. Nobrega's copyright and trademark claims also arise under federal law.

[3]     The Court may exercise supplemental jurisdiction over Mr. Nobrega's accompanying state law claims.  *See* 28 U.S.C. § 1367.

4